IN THE UNITED STATES DISTRCIT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA   RECEIVED
~~NORTHERN~~ DIVISION
EASTERN

2019 JUN 14  A 10: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| CHRISTOPHER CHILDRESS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 3:19-CV-415 |
| | ) | JURY DEMAND |
| BORBET ALABAMA, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

---

## COMPLAINT

---

### I. JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4) and 28 U.S.C. § 2201 and 2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.*, the Act of Congress known as the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, the "Americans with Disabilities Act" and the "ADA Amendments Act" (hereinafter referred to as "ADA/ADAAA"). The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, the ADA, the ADAAA and the FMLA providing injunctive and other relief against race discrimination, disability discrimination, and retaliation in employment.

### II. PARTIES

2.    Plaintiff, Christopher Childress, ("Plaintiff") is an African American male citizen

of the United States and is a resident of Opelika, Alabama.

3.     Defendant, Borbet Alabama, Inc., ("Defendant") is a foreign corporation. The Defendant is engaged in business in Auburn, Alabama.

4.     At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and is an employer within the meaning of 42 U.S.C. § 2000e (b)(a)(g) and (h), the ADA, ADAAA.

## III. ADMINISTRATIVE PROCEDURES

5.     Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by his employer, Defendant.

7.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, their agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against and/or retaliating against the Plaintiff and others similarly situated on account of race, disability, age, and retaliation.

8.     On August 29, 2018, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A)

9.     Plaintiff's Dismissal and Notice of Rights for Charge was mailed by the EEOC to the Plaintiff on March 15, 2019, and Plaintiff has filed suit within ninety (90) days of receipt of his Dismissal and Notice of Rights. (Exhibit B)

10.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

### IV. STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S DISABILITY DISCRIMINATION AND RETALIATION CLAIMS PURSUANT TO THE ADA/ADAAA

11.     Plaintiff adopts and realleges paragraphs one (1) through ten (10) as if fully set forth herein.

12.     Plaintiff is disabled and/or regarded as disabled, or is perceived to be disabled by the Defendant.

13.     Plaintiff began working for the Defendant August 2017 and Plaintiff provided Defendant with a record of his disability.

14.     In or around January 2018, Plaintiff injured his arm at work and reported his injury to the Defendant.

15.     After Plaintiff was injured he began to be harassed by his supervisor and disciplined when other employees that were not injured or disabled were not disciplined.

16.     Plaintiff complained that he was being harassed and forced to work in a hostile environment because he was being harassed by his supervisor and unjustly disciplined.

17.     Plaintiff suffered another on the job injury that required medical treatment.

18.     Plaintiff provided the Defendant with his medical excuses from his physician regarding his injury/disability and requested an accommodation to be off work for three (3) days.

19.     Plaintiff was required to be off from work due to his injury/disability.

20.     Defendant failed to accommodate Plaintiff and instead terminated his

employment, falsely accusing Plaintiff of abandoning his job.

21.     On or about April 17, 2018, Plaintiff was terminated because of his disability and/or because Defendant perceived or regarded him as being disabled.

22.     Defendant subjected Plaintiff to adverse treatment, harassment and discrimination and retaliation because of his disability and request for accommodation with respect to the terms and conditions of his employment.

23.     Plaintiff's disability was a motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

24.     Plaintiff has been unjustly disciplined, denied pay, discriminated against, treated differently, retaliated against, denied accommodation, harassed and terminated by Defendant because of his disability and/or perceived disability.

25.     Defendant has a habit and/or practice of discriminating against employees with disabilities, condoning and/or allowing disability discrimination.

26.     Defendant's actions are in violation of the ADA/ADAAA.

27.     Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

28.     Defendant's illegal discriminatory, harassing and adverse actions injured Plaintiff.

29.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

30.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

31.     The Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by the ADA/ADAAA;

b.      Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating the ADA/ADAAA;

c.      Grant Plaintiff an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981
### RACIAL DISCRIMINATION CLAIMS

32.     Plaintiff hereby adopts and realleges paragraphs one (1) through thirty-one (31) herein above as if fully set forth herein.

33.     Plaintiff is an African American male.

34.     Plaintiff began working for Defendant in or around August 2017, as a Finisher.

35.     After Plaintiff was hired he was moved to Pack Out and placed in a job that was

normally assigned to two employees and Plaintiff was forced to perform the job by himself.

36.     Another employee provided Plaintiff with some assistance but when Plaintiff's Caucasian supervisor found out, he refused to allow the employee to assist Plaintiff any further and told the employee to "stop helping" Plaintiff.

37.     The employee informed Plaintiff's Caucasian supervisor that Plaintiff needed assistance but the Supervisor instructed the employee that Plaintiff could do the job by himself.

38.     If Plaintiff got behind on his work duties Plaintiff was harassed and disciplined.

39.     Plaintiff was terminated on or about April 17, 2018.

40.     Caucasian employees are not disciplined for getting behind on their assigned job duties and are not assigned the job duties of two employees.

41.     Plaintiff was terminated because of his race, African American.

42.     Defendant subjected Plaintiff to adverse treatment and discrimination because of his race with respect to the terms and conditions of his employment and termination.

43.     Plaintiff's race was a motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

44.     Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

45.     Defendant's illegal discriminatory, harassing and adverse actions injured Plaintiff.

46.     Plaintiff has been unjustly disciplined, denied pay, discriminated against, treated differently, and terminated by Defendant because of his race, African American.

47.     Defendant has a habit and/or practice of discriminating against African-Americans, harassing African Americans and condoning and/or allowing racial discrimination.

48.     Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964,"

as amended and 42 U.S.C. § 1981, as amended.

49.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

50.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

51.     The Plaintiff has satisfied all administrative prerequisites to bring this claim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.     Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended and 42 U.S.C. § 1981, as amended;

c.     Grant Plaintiff an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

7

## COUNT THREE

### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C § 1981 RETALIATION CLAIMS

52.     Plaintiff adopts and realleges paragraphs one (1) through fifty-one (51) as if fully set forth herein.

53.     In early 2018, Plaintiff complained to Human Resources that he was being harassed by his Caucasian supervisor and subjected to a hostile working environment.

54.     Human Resources informed Plaintiff they would investigate his complaints, but Plaintiff never heard anything else form Human Resources and the harassment continued.

55.     Plaintiff requested to be moved to another department and under the supervision of another employee, but Plaintiff's requests were denied.

56.     After Plaintiff complained and engaged in protected activity he was unjustly disciplined.

56.     Less than three months after Plaintiff complained and engaged in protected activity, he was terminated on or about April 17, 2018.

57.     Defendant subjected Plaintiff to adverse treatment, harassment, unjust discipline, retaliation, termination and discrimination with respect to the terms and conditions of his employment.

58.     Plaintiff was harassed, unjustly disciplined, denied pay, and terminated in retaliation for his complaints and protected activity.

59.     Plaintiff has been unjustly harassed, disciplined, denied pay, and terminated in retaliation for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions he suffered, including his termination.

60.     Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights

8

  
Act of 1964," as amended, 42 U.S.C. § 1981, as amended.

61.     Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

62.     Defendant's illegal discriminatory, retaliatory, harassing and adverse actions injured Plaintiff.

63.     Defendant has a habit and/or practice of retaliating against employees that engage in protected activity.

64.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief.

65.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 1981, as amended;

b.     Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, 42 U.S.C. § 1981, as amended;

c.     Grant Plaintiff an Order requiring Defendant make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish),

9

punitive damages, interest, attorney's fees, expenses, costs; and

      d.      Plaintiff prays for such other, further, different or additional relief and benefits as

justice may require.

## PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY

                                                CYNTHIA FORMAN WILKINSON
                                                Attorney for Plaintiff
                                                State Bar I.D. No.: ASB-9950-L68C

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Blvd.
Suite 301
Birmingham, Alabama 35203
Tel: (205) 250-7866
Fax:(205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS:**

Mr. Christopher Childress
c/o Wilkinson Law Firm, PC
215 N. Richard Arrington Blvd.
Suite 200
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

Borbet Alabama, Inc.
c/o National Registered Agents, Inc.
2 North Jackson Street
Suite 605
Montgomery, AL 36104